# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN ALLEN GROOVER and CHERYL ANN WOOMER,<br><br>  Plaintiffs,<br><br>v.<br><br>CHP OFFICER J. CALDERA, CHP OFFICER B. MONTGOMERY, and COUNTY OF SAN DIEGO,<br><br>  Defendants. | Case No.: 17cv1654-MMA (JMA)<br><br>**ORDER GRANTING UNOPPOSED MOTIONS TO DISMISS**<br><br>[Doc. Nos. 3, 4] |

Plaintiffs Edwin Allen Groover and Cheryl Ann Woomer (collectively, "Plaintiffs") filed this action against Defendants CHP Officer J. Caldera, CHP Officer B. Montgomery, and the County of San Diego (collectively, "Defendants"). *See* Doc. No. 1. On September 21, 2017, Defendants Caldera and Montgomery filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 41(b). *See* Doc. No. 3. On that same date, Defendant County of San Diego filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 4. The Court set the motions for hearing on October 23, 2017, meaning that Plaintiffs were required to file a response in opposition to both motions on or before October 9, 2017. *See* Civ. L.R. 7.1.e.2 (stating that "each party opposing a motion . . . must file that

opposition or statement of non-opposition . . . not later than fourteen (14) *calendar* days prior to the noticed hearing"). Plaintiffs have not yet filed opposition briefs or statements of non-opposition in response to Defendants' motions to dismiss. *See* Docket.

The Ninth Circuit has held that a district court may grant an unopposed motion to dismiss where a local rule permits, but does not require, it to do so. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Here, Civil Local Rule 7.1.f.3.c provides, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting Defendants' motions to dismiss on the basis of Plaintiffs' failure to oppose.[1] Generally, public policy favors disposition of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiffs fail to defend their complaint against motions to dismiss. Accordingly, the Court **GRANTS** Defendants' unopposed motions to dismiss [Doc. Nos. 3, 4], and **DISMISSES** Plaintiffs' claims without prejudice. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED**.

Dated: November 28, 2017

Hon. Michael M. Anello
United States District Judge

---

[1] Plaintiffs' failure to comply with the provisions of Civil Local Rule 7.1.e.2 also constitutes a failure to comply with the provisions of this Court's Local Rules, which serves as an additional basis for dismissal under Civil Local Rule 41.1.b.